IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | |
| MAURICE DAUGHTRY, ) | |
| GARREN CHARLES ROGERS, ) | |
| THOMAS LEE JAMES, JR., ) | |
| NAAMAN RASHAD JACKSON, ) | CRIMINAL ACTION NO. |
| MELODIE DONNE ARMER ) | 2:21cr190-MHT |
| CHEATHAM, ) | (WO) |
| PAMELA GRAYSON ALLEN, ) | |
| TOWANNA LORRELL CHAPMAN, ) | |
| JOSEPH ANTHONY COLEMAN, ) | |
| CARLOS DANGELO JONES, ) | |
| KENNETH JAMES KEITH, ) | |
| SHAYLA DENISE MOORER, ) | |
| KAMBRIA SYMONE ROBINSON, ) | |
| JAMAL ANTHONY THOMAS, ) | |
| DEVAN SHELISE WILSON, and ) | |
| RUBIN SANDERS ) | |

ORDER

This cause is before the court on oral motions to continue trial from 12 defendants: Garren Charles Rogers; Thomas Lee James, Jr.; Naaman Rashad Jackson; Melodie Donne Armer Cheatham; Towanna Lorell Chapman; Carlos Dangelo Jones; Kenneth James Keith; Shayla Denise Moorer; Kambria Symone Robinson; Jamal Anthony Thomas; Devan Shelise Wilson; and Rubin Sanders.  Three defendants did

not request a continuance: Maurice Daughtry; Pamela Grayson Allen; and Joseph Anthony Coleman.

Based on the representations made on the record on May 26, 2021, and for the reasons set forth below, the court finds that jury selection and trial for all 15 defendants, now set for July 19, 2021, should be continued pursuant to 18 U.S.C. § 3161.

While the granting of a continuance is left to the sound discretion of the trial judge, *see United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161.  The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

§ 3161(c)(1).  The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best

2

interest of the public and the defendant in a speedy trial."  § 3161(h)(7)(A).  In granting such a continuance, the court may consider, among other factors, whether a failure to grant the continuance "would be likely to ... result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "would deny counsel for the defendant ... the reasonable time necessary for effective preparation, taking into account the exercise of due diligence," § 3161(h)(7)(B)(iv).  The Act also excludes from the 70-day period "[a] reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted."  § 3161(h)(6).

    The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and all 15 defendants in a speedy trial.  This is a multifaceted case with 15 defendants.  Counsel for several defendants described voluminous discovery, including a large set of documents that has not yet been made available.  These documents will also

3

inform ongoing discussions regarding pleas and proffers, which in turn may impact other defendants. The court finds that a continuance of the trial is necessary to ensure that the parties can present their sides effectively.

As to those defendants who have not requested a continuance, their statutory right to a speedy trial is not violated by the grant of a continuance. The additional time is excluded from their Speedy Trial Act computations as a "reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." *Id.* Indeed, as this court has noted, "the Speedy Trial Act provision quoted here exists to allow joint trials of codefendants in exactly this sort of situation." *United States v. McCall*, 2015 WL 1458138, at *2 (M.D. Ala. Mar. 30, 2015) (Thompson, J.); *see also United States v. Varella*, 692 F.2d 1352, 1359 (11th Cir. 1982) (holding that a defendant's right to a speedy trial was not violated by

4

delays prompted by other codefendants).  Also, the court believes that, for judicial efficiency, the defendants who end up going to trial should be tried together to the extent feasible.

***

Accordingly, it is ORDERED as follows:

(1) Defendants' oral motions to continue trial (Docs. 150, 151, 152, 153, 154, 155, 156, 157, 158, 159, 160, and 162) are granted.

(2) The jury selection and trial, now set for July 19, 2021, are reset for September 13, 2021, at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama, for defendants Maurice Daughtry; Garren Charles Rogers; Thomas Lee James, Jr.; Naaman Rashad Jackson; Melodie Donne Armer Cheatham; Pamela Grayson Allen; Towanna Lorell Chapman; Joseph Anthony Coleman; Carlos Dangelo Jones; Kenneth James Keith;

Shayla Denise Moorer; Kambria Symone Robinson; Jamal Anthony Thomas; Devan Shelise Wilson; and Rubin Sanders.

The United States Magistrate Judge shall conduct a pretrial conference prior to the September trial term.

DONE, this the 26th day of May, 2021.

                                /s/ Myron H. Thompson
                                **UNITED STATES DISTRICT JUDGE**